UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|                                    | :  |                              |
|------------------------------------|----|------------------------------|
| DIANE M. CLAGG,                    | :  | CASE NO. 1:17-CV-194         |
|                                    | :  |                              |
|     Plaintiff, | :  |                              |
|                                    | :  |                              |
| vs.                                | :  | OPINION & ORDER              |
|                                    | :  | [Resolving Doc. 1]           |
| COMMISSIONER OF SOCIAL SECURITY,   | :  |                              |
|                                    | :  |                              |
|     Defendant. | :  |                              |
|                                    | :  |                              |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Diane M. Clagg seeks review of the denial of supplemental security income and disability insurance benefits.[1] Magistrate Judge Thomas M. Parker recommended affirming the denial of benefits.[2] Plaintiff raises three objections.[3]

For the following reasons, this Court **OVERRULES** Plaintiff's first and third objections and **SUSTAINS** Plaintiff's second objection. The Court therefore **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R") as it pertains to Plaintiff's first and third objections, but **REJECTS** the R&R as it pertains to the second objection. The Court **VACATES** the Administrative Law Judge's (ALJ's) decision and **REMANDS** the case to the ALJ for further proceedings.

## I. BACKGROUND

On March 31, 2014, Plaintiff Clagg applied for supplemental security income and disability insurance benefits.[4] She alleged she was disabled as of November 1, 2013.[5]

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 16.
[4] Doc. 10 at 164.
[5] *Id.*

Case No. 1:17-CV-194
Gwin, J.

The Social Security Administration ("SSA") denied Clagg's application initially[6] and on reconsideration.[7] On April 27, 2016, ALJ Susan G. Giuffre held a hearing on her application.[8]

At the hearing, Clagg testified, among other things, that she performs most of the household chores with her family's help.[9] She uses a neck brace to drive her daughter to school and a back brace to go grocery shopping.[10] She also testified she uses a cane that a doctor prescribed for her[11] and wrist braces when her hands hurt.[12] Clagg testified she spends much of the time lying in bed due to constant pain.[13] Prior to November 1, 2013, Clagg worked from home as a medical claims processor.[14] After receiving a voluntary severance package on October 31, 2013, Clagg said she tried to find part-time work.[15]

Plaintiff's treating physician, Dr. Jason Komitau, submitted a medical source statement regarding Clagg's abilities and limitations.[16] He stated that Clagg reported she was limited to 15 minutes of standing, walking, or sitting at one time.[17] He opined that she was occasionally able to carry 5 pounds, could occasionally use her fingers for fine manipulation and handling items, and could occasionally reach.[18] He also opined that Clagg's depression, anxiety, and chronic widespread pain limited her ability to work.[19]

On June 17, 2016, the ALJ found that Clagg was not disabled.[20]

---

[6] *Id.* at 118-20.
[7] *Id.* at 122-24.
[8] *Id.* at 41-74.
[9] *Id.* at 49-50.
[10] *Id.* at 50-51.
[11] *Id.* at 51-52.
[12] *Id.* at 58-59.
[13] *Id.* at 54.
[14] *Id.* at 47-48.
[15] *Id.* at 47.
[16] *Id.* at 431-32.
[17] *Id.* at 431.
[18] *Id.* at 431-32.
[19] *Id.* at 432.
[20] *Id.* at 35.

Case No. 1:17-CV-194
Gwin, J.

The Appeals Council denied review on December 7, 2016, rendering the ALJ's conclusion the Commissioner's final decision.[21]

On January 31, 2017, Clagg filed this action seeking review of the Commissioner's final decision.[22] On December 12, 2017, the Magistrate Judge filed an R&R, recommending that the Court affirm the Commissioner's final decision.[23] Plaintiff asserts three objections to the R&R.[24]

## II. LEGAL STANDARD

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the R&R to which the parties object.[25] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[26]

When reviewing an ALJ's disability determination under the Social Security Act, a district court reviews whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[27] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[28] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[29]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[30] A district court also may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[31]

---

[21] *Id.* at 1-6.
[22] Doc. 1.
[23] Doc. 15.
[24] Doc. 16. The Commissioner filed a response. Doc. 18.
[25] 28 U.S.C. § 636(b)(1).
[26] *Id.*
[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[28] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).
[29] *Id.*
[30] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[31] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that ALJ's decision cannot be overturned so long as ALJ's decision was supported by substantial evidence).

Case No. 1:17-CV-194
Gwin, J.

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[32]

### III. DISCUSSION

This Court adopts in part and rejects in part the Magistrate Judge's analysis. The Court overrules Plaintiff's first and third objections to the R&R. But the Court sustains Plaintiff's second objection to the R&R.

**A. The ALJ stated "good reasons" for discounting Dr. Komitau's opinion.**

First, Plaintiff Clagg objects to the Magistrate Judge's finding that the ALJ properly discounted the opinion of Dr. Komitau, Clagg's treating physician, when concluding Clagg was not disabled.[33]

This Court, however, agrees with the Magistrate Judge: the ALJ substantiated her decision to discount Dr. Komitau's opinion with "good reasons."

Under the treating physician rule, "[t]reating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques;' and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'"[34]

An ALJ can give a treating source's opinion less than controlling weight, however, if she gives "good reasons" for doing so.[35] "Good reasons" are reasons that are sufficiently specific to

---

[32] 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[33] Doc. 16 at 1-2.
[34] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c )(2)).
[35] *Id.*

-4-

Case No. 1:17-CV-194
Gwin, J.

make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight.[36]

In deciding the weight to give to a treating physician's opinion, the ALJ must consider factors such as (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) any other factors that tend to support or contradict the opinion.[37] An ALJ is not required to provide "an exhaustive factor-by-factor analysis."[38]

The ALJ's reasons for discounting Dr. Komitau's opinion were "good reasons." As an initial matter, the ALJ was entitled to reject Dr. Komitau's conclusory assertion that the Plaintiff was disabled and/or unable to work. The issue of disability is a legal question reserved for the Commissioner, not the treating physician.[39]

Moreover, the ALJ sufficiently explained why Dr. Komitau's opinion was inconsistent with the evidence as a whole. Plaintiff argues that the ALJ did not cite specific parts of the medical record in this part of her decision (which the Magistrate Judge also notes).[40] But as the Magistrate Judge explained,[41] this perceived procedural failure is not dispositive.

The ALJ had already explained in a previous part of her decision what medical records contradicted Dr. Komitau's opinion. The ALJ cited X-rays showing mild findings and little progression of Clagg's degenerative disc disease.[42] The ALJ noted that there was no evidence

---

[36] *Id.*
[37] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007).
[38] *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011).
[39] *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).
[40] Doc. 16 at 2.
[41] Doc. 15 at 19.
[42] Doc. 10 at 28.

showing Clagg was ever prescribed a cane.[43] And the ALJ cited numerous records showing Clagg chose not to follow prescribed treatments for her physical impairments.[44]

In the relevant part of her decision, the ALJ also specifically noted that treatment records revealed that claimant was able to drive, shop, and sew.[45] The records also showed that Clagg obtained relief from medication and chiropractic therapy.[46]

Moreover, the ALJ adequately explained how Dr. Komitau's opinion was not supported by any medical evaluations or supportive diagnostic testing. The ALJ noted that Dr. Komitau's opinion about her ability to stand, walk, or sit was based on Plaintiff's own reports of her pain.[47]

Accordingly, it was reasonable for the ALJ to discount Dr. Komitau's opinion. The Court therefore **OVERRULES** Plaintiff's first objection and **ADOPTS** the Magistrate's recommendation on this issue.

**B. The ALJ failed to consider the combined effects of Plaintiff's mental and physical impairments.**

Second, Clagg objects to the Magistrate Judge's finding that the ALJ had considered both Clagg's mental impairments and physical impairments in determining her residual functional capacity.[48] Clagg argues that the ALJ improperly considered only her physical impairments in determining her residual functional capacity.[49]

Residual functional capacity reflects "the most a claimant can do despite her limitations."[50] In determining Plaintiff Clagg's residual functional capacity, the ALJ was required to "consider

---

[43] *Id.*
[44] *Id.* at 28-29.
[45] *Id.* at 33.
[46] *Id.*
[47] *Id.* at 32.
[48] Doc. 16 at 3-5.
[49] *Id.*
[50] *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 190 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1545 and 416.945).

Case No. 1:17-CV-194
Gwin, J.

the combined effect of all of the claimant's impairments."[51] This means the ALJ must consider all impairments, regardless of whether they are deemed severe or non-severe.[52]

Accordingly, the ALJ was required to factor Plaintiff Clagg's depression and anxiety into Clagg's residual functional capacity, even though the ALJ had already deemed these mental impairments non-severe.[53] The ALJ's opinion gives no indication that she did so.

Rather, the ALJ seems to have dismissed the effects that Plaintiff's mental impairments had on her residual functional capacity because the ALJ already found the mental impairments non-severe.[54] But this analysis says nothing about what level of impact Plaintiff's mental impairments, albeit non-severe, had on what Plaintiff could do in a work setting.[55] In her residual functional assessment, the ALJ focused on Plaintiff's physical impairments.[56] As a result, the ALJ either failed to account for the limitations stemming from Plaintiff's mental impairments, or to explain, in a way that the Court can review, why she thought they had no effect on Plaintiff's mental residual functional capacity beyond the fact that they were not severe. The ALJ did not consider or describe what limitations followed the combination of all of the claimant's impairments.

The Court therefore finds that the ALJ's decision regarding Clagg's residual functional capacity is not supported by substantial evidence. The Court therefore **SUSTAINS** Plaintiff's second objection and **REJECTS** the Magistrate Judge's recommendation on this issue. The Court **VACATES** the ALJ's decision and **REMANDS** the case back to the ALJ for further proceedings.

---

[51] *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992).
[52] *Id.*; *Simpson*, 344 F. App'x at 190 (finding ALJ erred by not considering both severe physical impairments and non-severe mental impairments in residual functional capacity analysis).
[53] *See* Doc. 10 at 24.
[54] *See id.* at 24.
[55] *See id.* at 26-33.
[56] *See id*.

-7-

Case No. 1:17-CV-194
Gwin, J.

**C. The ALJ's evaluation of pain is supported by substantial evidence.**

Third, Plaintiff Clagg objects to the Magistrate Judge's finding that the ALJ's assessment of Clagg's alleged pain was supported by substantial evidence.[57] Specifically, Clagg argues that the ALJ failed to properly evaluate her credibility.[58]

However, Plaintiff fails to demonstrate that the ALJ's credibility assessment is not supported by substantial evidence. 20 C.F.R. § 404.1529(a) describes a two-part process for assessing the credibility of an individual's subjective statements about his or her symptoms. First, the ALJ must determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged. Second, the ALJ must evaluate the intensity and persistence associated with those symptoms to determine how those symptoms limit a claimant's ability to work.

When evaluating the intensity and persistence of a claimant's symptoms, consideration is given to objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.[59]

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's

---

[57] Doc. 16 at 5-6.
[58] *Id.*
[59] 20 C.F.R. § 404.1529(c).

-8-

Case No. 1:17-CV-194
Gwin, J.

demeanor and credibility. Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence."[60]

There is substantial record evidence to support the ALJ's negative credibility determination. The ALJ recognized that Clagg's medically determinable impairments could reasonably be expected to cause her the alleged pain.[61] The ALJ, however, properly found Clagg's statements about the intensity, persistence, and limiting effects of the pain were inconsistent with record evidence.[62]

The ALJ noted several parts of the record showing Clagg failed to comply with recommended courses of treatment.[63]

The ALJ also properly considered Clagg's daily activities and some inconsistency in her statements. The ALJ explained that Clagg testified she had a limited lifestyle, but that the record showed Clagg drives her daughter to and from school, cares for pets, prepares meals, drives, shops, sews, and attends Church services.[64] The ALJ also noted that nothing in the record supported Plaintiff's assertion that her physician prescribed her cane.[65] The ALJ further noted that evidence showed Plaintiff worked away from home for about a month, even though Plaintiff claimed to have worked mostly from home.[66] Lastly, the ALJ stated that Clagg sought part time work during the same time she claimed she was disabled.[67]

Thus, substantial record evidence supported the ALJ's credibility conclusion. The ALJ also properly considered the steps under 20 C.F.R. § 404.1529. The Court therefore

---

[60] *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).
[61] Doc. 10 at 27.
[62] *See id.* at 27-31.
[63] *Id.* at 28-29, 30.
[64] *Id.* at 31 (citing *id.* at 228-35).
[65] *Id.*
[66] *Id.* (citing *id.* at 367).
[67] *Id.*

Case No. 1:17-CV-194
Gwin, J.

**OVERRULES** Plaintiff's third objection and **ADOPTS** the Magistrate's recommendation on this issue.

## IV. CONCLUSION

For these reasons, this Court **OVERRULES** Plaintiff's first and third objections and **SUSTAINS** Plaintiff's second objection. The Court therefore **ADOPTS** the R&R as it pertains to Plaintiff's first and third objections, but **REJECTS** the R&R as it pertains to the second objection.

The Court **VACATES** the ALJ's decision and **REMANDS** for further consideration consistent with this Opinion.

IT IS SO ORDERED.

Dated: January 11, 2018            *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE