UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

DIANE M. CLAGG, : CASE NO. 1:17-CV-194
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 21]
COMMISSIONER OF SOCIAL :
SECURITY, :
:
      Defendant. :
:

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Diane M. Clagg moves the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] The Commissioner objects.[2] For the following reasons, the Court **GRANTS** Plaintiff attorney's fees of $4,128.

On January 31, 2017, Plaintiff Clagg filed a complaint seeking review of the Commissioner's denial of her application for supplemental security income and disability insurance benefits.[3] On January 11, 2018, the Court adopted in part and rejected in part the Magistrate Judge's Report and Recommendation.[4] The Court vacated the Commissioner's final decision with respect to the Administrative Law Judge's residual functional capacity analysis and remanded the case.[5]

On April 11, 2018, Clagg filed this application for attorney's fees under EAJA. Plaintiff Clagg seeks an award of $7,705, representing 39.5 hours of attorney work at $190 per hour and 4 hours of Appellate Assistant Diane J. Shriver's work at $50 per hour.[6]

To start, the Court finds that an award of reasonable attorney's fees is appropriate.

---

[1] Doc. 21.
[2] Doc. 22.
[3] Doc. 1.
[4] Doc. 19.
[5] *Id.*
[6] Docs. 21-2, 21-2.

Under the EAJA, a prevailing party in litigation with the United States is presumptively entitled to reasonable attorney's fees unless the United States shows that its position was substantially justified, or that special circumstances make an award unjust.[7]

The government does not dispute that Plaintiff is a prevailing party.[8] The government only argues that no attorney's fees should be awarded at all because the government was substantially justified in defending the Commissioner's benefits denial.[9] The Court disagrees.

The government's position is substantially justified if it has a reasonable basis both in law and fact.[10] Here, the Court found that the ALJ had committed a legal error by failing to consider both Plaintiff's mental *and* physical impairments in her residual functional capacity analysis in violation of Social Security regulations.[11] As a result, contrary to the government's arguments, the ALJ's error was not merely an articulation error that might otherwise substantially justify the government's position.[12] Rather, the government's position was not reasonably based in law. The government has therefore failed to demonstrate substantial justification for its position.

Nevertheless, the Court finds that Plaintiff's current fees request is unreasonable and reduces the fees accordingly.[13] "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[14]

First, the Court finds that Appellate Assistant Shriver's rate should be reduced from $50 per hour to $40 per hour. Plaintiff has failed to demonstrate that the $50 per hour rate is reasonable.[15]

---

[7] 28 U.S.C. § 2412(d)(1)(A); *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725-26 (6th Cir. 2014).
[8] *See* Doc. 22 at 3-7.
[9] *Id.*
[10] *De Long*, 748 F.3d at 725-26.
[11] Doc. 19 at 6-7.
[12] *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499 (6th Cir. 2014) (finding government had no substantial justification in defending ALJ's decision to expressly exclude consideration of one of Plaintiff's impairments in the residual functional capacity analysis).
[13] *See* 28 U.S.C. § 2412(d)(2)(A) (court determines reasonableness of fees).
[14] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).
[15] Plaintiff points to no EAJA legal standard for reviewing the rate of non-attorney assistants. Plaintiff only identifies two cases where the $50 rate was approved, but fees in those cases were approved without objection from the Commissioner. *See* Doc. 21 at 7.

Case No. 1:17-CV-194
Gwin, J.

The Court agrees with our sister courts that a $40 hour per hour rate is more reasonable for an Appellate Assistant.[16]

Second, the Court reduces the Appellate Assistant's awarded hours from 4.0 hours to 2.5 hours. The Court finds that 2.3 hours spent preparing the complaint and in forma pauperis form is unreasonable and awards only 1 hour worth of fees for these tasks. The Court also deducts the 0.2 hour spent downloading the transcript because it is a "purely clerical or secretarial task[]" that should not be billed under fee shifting statutes.[17]

Third, the Court reduces by half the time that Attorneys Mary T. Meadows and Melissa L. Kunder spent reviewing the record and briefing the issues. The case was not particularly complex and did not involve uncommon arguments made in social security appeals.[18] Therefore, the Court only awards 21.2 of these attorneys' hours.[19] Because the Commissioner does not dispute the attorneys' rates at $190 an hour,[20] the Court will apply that rate.

Accordingly, the Court **GRANTS** Plaintiff $4,128 in attorney's fees.[21]

IT IS SO ORDERED.

Dated: April 29, 2018                          s/      James S. Gwin
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[16] *See, e.g.*, *Dallas v. Comm'r of Soc. Sec.*, No. 1:13-CV-00591, 2014 WL 1767815, at *5 (N.D. Ohio May 2, 2014).
[17] *Missouri v. Jenkins by Agyei*, 491 U.S. 274 n.10 (1989).
[18] *See, e.g.*, *Crim v. Comm'r of Soc. Sec.,* No. 1:11-cv-137, 2013 WL 1063476, *4-6 (S.D. Ohio Mar. 14, 2013).
[19] The Court does not reduce Attorney Jon H. Ressler's 2.3 hours; 2.3 hours spent reviewing the record and editing the EAJA application does not appear unreasonable, even if Attorney Ressler was also the attorney at the administrative level. However, the Court does reduce Attorney Meadows's 4.3 hours reviewing the record and drafting/editing the brief to 2.2 hours, but awards the 0.4 hours for preparing this EAJA application (which the Commissioner does not dispute). The Court reduces Attorney Kunder's 32.5 hours reviewing the record and drafting the brief to 16.3 hours. 2.3 hours + 2.2 hours + 0.4 hours + 16.3 hours = 21.2 hours.
[20] Doc. 22 at 12.
[21] Attorneys: 21.2 hours x $190/hour = $4,028; Appellate Assistant: 2.5 hours x $40/hour = $100. $4,028 + $100 = $4,128.